**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **TONYA JONES, et al.** | § | |
| | § | |
| **v.** | § | **A-19-CV-986-JRN** |
| | § | |
| **TEXAS GAS SERVICE COMPANY,** | § | |
| **A DIVISION OF ONE GAS, INC., et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiffs' Motion for Leave to File Amended Complaint (Dkt. No. 9),

Plaintiffs' Motion to Remand to State Court (Dkt. No. 23), and the parties' associated response and

reply briefs.   The District Judge referred the above-motions to the undersigned for report and

recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix

C of the Local Court Rules.

## I.  GENERAL BACKGROUND

This is a tort action arising from a natural gas service line leak and explosion.   On October

27, 2018, Nicole Burton and David Passman were inside their residence located at 2301 Bendridge

Trail, Austin, Texas when the residence exploded due to a natural gas leak from a cracked pipeline,

resulting in Ms. Burton's death and injuries to Passman.   On September 3, 2019, Plaintiffs Tonya

Jones, as Independent Administrator for the Estate of Nicole Burton and as Guardian for Eugene

Burton, and David Passman filed this wrongful death suit against Defendants ONE Gas, Inc., H&T

Utilities, LC, Kaleb Adams, and Kimberly Westfield in Probate Court No. 1 of Travis County, Texas

(Cause No. C-1-PB-19-001720).   Dkt. No. 1-1 at p. 8-22.

According to the Original Petition, ONE Gas, Inc. owned, controlled, operated, and maintained the gas service line at issue. Dkt. No. 1-1 at 10. ONE Gas hired service contractor H&T Utilities to perform work on its pipelines, including gathering data for risk analysis of the pipelines. Dkt. No. 1-1 at 16. Plaintiffs allege that ONE Gas also hired individuals Kaleb Adams and Kimberly Westfield to conduct leak surveys and gather data for risk analysis related to the pipeline. *Id.* Plaintiffs assert negligence claims against each of the Defendants. Specifically, Plaintiffs allege that ONE Gas was negligent in failing to exercise ordinary care in the construction, inspection, maintenance, and operation of the gas pipeline. Dkt. No. 1-1 at 16. They allege that H&T failed to exercise ordinary care in failing to identify and recognize obvious signs of corrosion, soil movement and conditions that would subject the pipeline to damage, failures, and leaks. *Id.* at 17. Plaintiffs allege that Adams and Westfield failed to exercise ordinary care in the inspection of the pipeline and in failing to detect gas leaks near the residence. *Id.* at 17-18. Plaintiffs' Petition seeks damages in an amount over $1,000,000. *Id.* at 8.

On October 10, 2019, Defendants removed this lawsuit to federal court on the basis of diversity jurisdiction, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Dkt. No. 1. The parties do not dispute the citizenship of any party,[1] but rather dispute whether certain parties are properly joined. Defendants contend that nondiverse defendants H&T Utilities, Adams, and

---

[1] Plaintiffs Tonya Jones and David Passman are citizens of Texas. Dkt. No. 1-1 at 9; Dkt. No. 1 at ¶ 9. ONE Gas is a citizen of Oklahoma. Dkt. No. 1-1 at 9; Dkt. No. 1 at ¶¶ 10-11. H&T is citizen of Texas. Dkt. No. 1-1 at 9; Dkt. No. 1 at ¶ 12. Individual defendants Kaleb Adams and Kimberley Westfield are citizens of Texas. Dkt. No. 1-1 at 9; Dkt. No. 1 at ¶¶ 13, 14.

Westfield were improperly joined to defeat diversity, and thus argue that their citizenship should be ignored for jurisdictional purposes.

On November 21, 2019, Plaintiffs filed a motion for leave to amend, seeking to join several additional parties as defendants. Dkt. No. 9. Defendants oppose the motion for leave to amend, asserting the Court should exercise its discretion to deny joinder. *See* Dkt. Nos. 20, 21. On December 9, 2019, shortly after filing their motion to amend, Plaintiffs filed a motion to remand, contending that Defendants have failed to meet their burden to demonstrate improper joinder, and that, because complete diversity does not exist among the parties, federal jurisdiction is lacking. Dkt. No. 23. Because the motion to remand challenges this Court's jurisdiction, it must be addressed first. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011); *D & R Full Serv., LLC v. Hardin Cty. Diesel & Auto Repair*, 2018 WL 9869731, at *1 (E.D. Tex. May 8, 2018).

## II.   MOTION TO REMAND

### A.   Law of Improper Joinder

To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites for diversity jurisdiction in 28 U.S.C. § 1332 are satisfied. A party seeking to invoke the federal court's removal jurisdiction by alleging fraudulent or improper joinder "bears a heavy burden." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). To establish improper joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)). Under the second method, the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of

recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

To determine whether a plaintiff has a reasonable basis of recovery under state law, a court may resolve the issue in one of two ways. In most cases, the court conducts a Rule 12(b)(6)-type analysis, looking at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* In some cases, however, where a plaintiff has stated a claim but misstated or omitted discrete facts that would determine the propriety of joinder, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* A summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74.

The burden of persuasion on those who claim improper joinder "is a heavy one." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). Accordingly, courts view "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Travis*, 326 F.3d at 647. In addition, courts "must take into account the status of discovery and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Davidson*, 819 F.3d at 765 (citation omitted). "We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). Therefore, if the court finds there is a reasonable possibility that the plaintiff will

4

prevail on its claim against the non-diverse defendant, the district court must remand the case. *See Sid Richardson*, 99 F.3d at 751-752.

**B.     Analysis**

In their Notice of Removal, Defendants argue that Kaleb Adams, Kimberly Westfield, and H&T Utilities were improperly joined and should not be considered for jurisdictional purposes. Plaintiffs' motion to remand argues that Defendants have not met their high burden to prove improper joinder.  Plaintiffs maintain that diversity exists among the parties and thus assert that remand is necessary.

**1.     Kaleb Adams and Kimberly Westfield**

The parties first dispute whether Plaintiffs properly joined defendants Kaleb Adams and Kimberly Westfield.  Plaintiffs allege claims of negligence against Adams and Wesfield, asserting that they failed to exercise ordinary care in conducting leak surveys of the pipeline at issue and failed to detect gas leaks near the residence.  Dkt. No. 1-1 at 17-18.  Defendants argue Adams and Westfield have been improperly joined both on the basis of actual fraud in the pleadings and on the basis that Plaintiffs cannot establish their claims against Adams and Westfield.

**A.     Actual Fraud**

Defendants first assert Plaintiffs committed actual fraud in the pleadings.  Specifically, Defendants argue that Plaintiffs' pleadings falsely allege Adams and Westfield were hired by ONE Gas, arguing that rather, ONE Gas contracted with Adams and Westfield's employer, Southern Cross, Inc., for their services.  Dkt. No. 1 at ¶¶ 26-28.  Defendants complain that Plaintiffs brought suit against Adams and Westfield individually rather than against Southern Cross—which is apparently a citizen of Georgia—to avoid creating diversity jurisdiction.  *Id.*  Plaintiffs dispute that

there is any actual fraud in the pleadings, arguing that the basis of their individual claims against Adams and Westfield is that Adams and Westfield were personally negligent.  Dkt. No. 23 at 13.

There is a relative lack of case law concerning the actual fraud method of proving improper joinder.  *See Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F. Supp. 2d 901, 906 (W.D. Tex. Sept. 22, 2005) ("The Fifth Circuit has repeatedly declined to define this first prong of the well-established test for improper joinder").  In the cases that consider actual fraud and improper joinder, some courts have held that "the removing party must prove that the plaintiff either actually concealed, or knowingly made false representations, regarding any fact that must exist for the court to properly exercise jurisdiction over the case—here, the citizenship of the parties, and/or the amount in controversy." *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 607 (N.D. Tex. 2009).  Others interpret the test broadly, finding that "actual fraud in the pleading of jurisdictional facts can encompass other facts proximately leading to jurisdictional concerns." *Rodriguez*, 394 F. Supp. 2d at 907-08 (further noting that "[l]ying to establish a putative party as a 'strawman' to defeat jurisdiction is a jurisdictional issue contained within the pleadings.").

Even considering a broad application of the actual fraud test for improper joinder, Defendants have not met the heavy burden to prove actual fraud in the pleadings in this case.  Adams and Westfield cannot be considered "strawmen" because Plaintiffs' claims against Adams and Westfield are based on their personal involvement in acts that Plaintiffs base their claims on.  *See* Dkt. No. 1-1 at 17-18; Dkt. No. 23 at 13.  It is undisputed that Adams and Westfield conducted the leak surveys that Plaintiffs base their negligence claims on .  *See* Dkt. No. 1-2 at ¶¶ 2-9 (affidavit of ONE Gas affirming that Adams and Westfield were the individuals who performed the allegedly negligent leak surveys); Dkt. Nos. 1-11;1-12 (affidavits from Westfield and Adams respectively, stating that they

actually performed the leak surveys in question).  Defendants' allegation that Plaintiffs incorrectly stated ONE Gas hired Adams and Westfield when ONE Gas in fact hired Southern Cross is not a "jurisdictional fact" material to determining the existence of diversity, because, as discussed in the section that follows, what matters is not whether ONE Gas hired Southern Cross or Adams and Westfield, but rather whether under Texas law Adams and Westfield individually owed the Plaintiffs a duty of care.  *See Ramirez v. Scottsdale Ins. Co.*, 2015 WL 13134502, at *3 (W.D. Tex. Sept. 30, 2015).  As such, any inaccuracy in stating the relationship between ONE Gas and Adams and Westfield is not enough to demonstrate fraudulent joinder.

B.    **Statement of a Claim**

Defendants next assert that Plaintiffs cannot establish their negligence claims against Adams and Westfield as a matter of law.  To establish a prima facie claim of negligence under Texas law, a plaintiff must prove that the defendant (1) owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach proximately caused plaintiff's injuries.  *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006).  When a negligence claim is asserted, "[w]hether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists."  *Id.* Whether a duty exists is a question of law for the court to decide from the facts surrounding the occurrence in question.  *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).

It is well established under Texas law that an "employee is personally liable for tortious acts which he directs or participates in during his employment."  *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984).  But an employee may not be held individually liable unless he breaches an independent duty of care he owed to the injured party that is separate from the duty owed by the employer.  *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935

S.W.2d 114, 117 (Tex. 1996)).  Here, Defendants argue that Plaintiffs cannot establish their claims against Adams and Westfield because they were acting within the course and scope of their employment as Leak Survey Technicians with non-party, Southern Cross, and owed Plaintiffs no independent legal duty.  Dkt. No. 1 at ¶¶ 26-34.  Plaintiffs respond that even though Adams and Westfield were acting within the scope of their employment when they conducted the leak surveys, Texas law permits a cause of action against Adams and Westfield in their individual capacities.  Dkt. No. 23 at 13-15.  Plaintiffs do not seek to hold Adams and Westfield liable by virtue of their status as employees of ONE Gas or Southern Cross, rather, Plaintiffs allege that Adams and Westfield are personally responsible for negligently conducting the leak survey and failing to identify leaks in the pipeline at issue.  *Id.* at 13.

When evaluating whether a plaintiff can establish a claim against an in-state defendant, courts must not analyze the merits of the claim, but rather whether the claim is possible. *Smallwood*, 385 F.3d at 573.  This is particularly so in the context of a motion to remand, where the Fifth Circuit has "cautioned against pretrying a case to determine removal jurisdiction." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).  Thus, a number of courts have refused to find fraudulent joinder where the plaintiff has alleged that corporate employees were actively involved in the negligence at issue. *See Patton v. Ethicon, Inc.*, 2015 WL 13298399, at *3 (W.D. Tex. July 6, 2015), *report and recommendation adopted*, 2015 WL 13298381 (W.D. Tex. July 21, 2015) (rejecting improper joinder argument and remanding after concluding individual sales representatives "had a personal role in the events leading to Plaintiff's injuries" and thus independent liability could arise); *Rios v. Cooper Tire & Rubber Co.*, 2015 WL 12762259, at *7 (E.D. Tex. Apr. 30, 2015) (finding a corporate employee may be individually liable for plaintiffs' negligence claims where the employee

"directly and personally participated in the inspection of the van, exposing her to potential liability");
*Lyle v. 24 Hour Fitness, USA, Inc.*, 2014 WL 5094126, at *4 (W.D. Tex. Oct. 10, 2014) (noting that
Texas law creates an independent duty for an employee in a negligence suit when "the pleadings
alleged the store manager or agent played a personal role in creating the dangerous condition at
issue"); *Guzman v. Cordero*, 481 F.Supp.2d 787, 790 (W.D. Tex. 2007) (finding that it was possible
the employee owed an independent duty of care because the employee personally inspected tires that
allegedly caused the plaintiff's injuries); *Alexander v. Lincare Inc.*, 2007 WL 4178592, at *3 (N.D.
Tex. Nov. 27, 2007) (noting that "[a] corporation's employee is personally liable for tortious acts
which he directs or participates in during his employment" and collecting cases).

Here, Adams and Westfield's actions and omissions form the basis of Plaintiffs' negligence
claims. Adams and Westfield were directly and personally involved in conduct that allegedly caused
Plaintiffs' injuries because Adams and Westfield actually performed the leak surveys Plaintiffs
allege were negligent. *See* Dkt. No. 1-2 at ¶¶ 2-9; 1-11;1-12. As noted, Texas law permits suit
against an individual who was directly involved in the allegedly negligent act on which the suit is
based. For the purposes of the improper joinder analysis, the Plaintiffs has pleaded sufficient facts
to demonstrate it is reasonably possible they could recover on their claim against Adams and
Westfield. Thus, Defendants have not met their heavy burden to demonstrate Adams and Westfield
are improperly joined. Because Adams and Westfield are, like Plaintiffs, Texas citizens, their joinder
defeats complete diversity, and remand is required.

## 2.   H&T Utilities

Given the Court's conclusions regarding Adams and Westfield, it is not necessary for the
Court to consider Plaintiffs' claims against H&T, as the presence of one nondiverse defendant is

sufficient to destroy complete diversity and require remand.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

### III.   MOTION TO AMEND

As stated above, Plaintiffs also filed a motion for leave to amend (Dkt. No. 9).  In light of the Court's conclusion that Adams and Westfield are properly joined defendants and recommendation that this case be remanded for lack of diversity, the proper course is not to address the motion for leave to amend and to leave that to the discretion of the state court on remand.

### IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiffs' Opposed Motion to Remand to State Court (Dkt. No. 12) and **REMAND** this case to Probate Court No. 1 of Travis County, Texas.

The Clerk is directed to remove this case from the Magistrate Judge's docket and return it to the docket of the Honorable James R. Nowlin.

### V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed

factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C);

*Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415,

1428-29 (5th Cir. 1996) (en banc).

      SIGNED this 17th day of July, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

11